UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANITA TALVESKI, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> REGENTS OF THE UNIVERSITY OF ) <br> CALIFORNIA, ) <br> ) <br> Defendant. ) | Case No. 13-cv-585-L(JMA) <br><br> **ORDER:** <br><br> **(1) DENYING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* [DOC. 2], AND** <br><br> **(2) DISMISSING COMPLAINT WITHOUT PREJUDICE** |

On March 13, 2013, Plaintiff Anita Talveski commenced this action against Defendant Regents of the University of California for alleged disability discrimination in violation of the Americans with Disabilities Act, the Rehabilitation Act, and other related California statutes. On the same day, she filed a motion seeking leave to proceed *in forma pauperis* ("IFP"). (Doc. 2.) This action is Plaintiff's second attempt to pursue her claims; her first attempt was in *Talveski v. Regents of the University of California*, No. 13-cv-297-L(JMA), which was dismissed for failure to pay the filing fee after the Court denied her IFP motion. For the reasons outlined below, the Court **DENIES** Plaintiff's IFP motion.

The determination of indigency falls within the district court's discretion. *Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *rev'd on other grounds,* 506 U.S. 194 (1993) (holding that "Section 1915 typically requires the reviewing court to exercise its sound

discretion in determining whether the affiant has satisfied the statute's requirement of indigency"). It is well-settled that a party need not be completely destitute to proceed *in forma pauperis. Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948). To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs . . . and still be able to provide himself and dependents with the necessities of life." *Id.* at 339. At the same time, however, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984).

District courts, therefore, tend to reject IFP applications where the applicant can pay the filing fee with acceptable sacrifice to other expenses. *See, e.g.*, *Stehouwer v. Hennessey*, 841 F. Supp. 316, 321 (N.D. Cal. 1994), *vacated in part on other grounds, Olivares v. Marshall*, 59 F.3d 109 (9th Cir. 1995) (finding that a district court did not abuse its discretion in requiring a partial fee payment from a prisoner who had a $14.61 monthly salary and who received $110 per month from family). Moreover, "*in forma pauperis* status may be acquired and lost during the course of litigation." *Wilson v. Dir. of Div. of Adult Insts.*, No. CIV S-06-0791, 2009 WL 311150, at *2 (E.D. Cal. Feb. 9, 2009) (citing *Stehouwer*, 841 F. Supp. at 321); *see also Allen v. Kelley*, No. C-91-1635-VFW, 1995 WL 396860, at *2 (N.D. Cal. June 29, 1995) (holding that a plaintiff who was initially permitted to proceed *in forma pauperis* should be required to pay his $120 filing fee out of a $900 settlement). In addition, the facts as to the applicant's poverty must be stated "with some particularity, definiteness, and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981).

Having read and considered Plaintiff's application, the Court finds that Plaintiff's application is incomplete and thus it fails to meet the requirements in 28 U.S.C. § 1915 for IFP status. Plaintiff is currently unemployed and receiving $150 gift monthly from her parents. (IFP Mot. at ¶ 1–3 [Doc. 2].) Though Plaintiff states in her IFP motion that her sources of income also include "Social Security, disability or other welfare" and "Disability or workers

compensation," she fails to provide any detail regarding those sources of income as the IFP form requires. (*Id.* ¶ 3.) In addition to the $0.30 she has in a bank account, Plaintiff states that she owns a "tri bike" worth $700, a computer worth $500, and hard drives and artwork worth $80. (*Id.* ¶¶ 4, 10.) The last time Plaintiff was employed was in 2002 when she earned $10 per hour, which amounted to $2000 per year. (*Id.* ¶ 2.) Finally, Plaintiff is disabled, suffering from bi-polar disorder, which is the product of a "traumatic brain injury early in life." (Compl. ¶ 5.) In her complaint, Plaintiff alleges that she "receives disability benefits from the State of California" and is "a disabled individual within the meaning of the Americans With Disabilities Act ("ADA")." (*Id.*) However, Plaintiff does not list her disability benefits on her IFP application. Additionally, Plaintiff lists an $86,000 student loan, $7000 collections for credit cards, and a $150 debt to SDGE. As with Plaintiff's last IFP motion, without more detailed information, the Court cannot conclude that paying the court filing fees would impair Plaintiff's ability to obtain the necessities of life. *See Adkins*, 335 U.S. at 339.

Accordingly, the Court **DENIES** Plaintiff's application to proceed *in forma pauperis* (Doc. 2), and **DISMISSES WITHOUT PREJUDICE** the complaint. Pursuant to this order, Plaintiff is granted 30 days' leave to pay the filing fee required to maintain this action pursuant to 28 U.S.C. § 1914, or to submit additional documentation regarding her financial status. **IF PLAINTIFF CHOOSES TO FILE ADDITIONAL INFORMATION REGARDING HER POVERTY, SHE MUST ATTACH A COPY OF THIS ORDER.** Additionally, Plaintiff is reminded that an IFP application is made under penalty of perjury, and any false statements may result in dismissal of her claims, imprisonment of not more than five years, or a fine. *See* 18 U.S.C. §§ 1621, 3571.

**IT IS SO ORDERED.**

DATED: March 27, 2013

*M. James Lorenz*
M. James Lorenz
United States District Court Judge